```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BARRY YORKE,

                    Petitioner,
                                           ORDER TO SHOW CAUSE
         -against-                         19-CV-1452(JS)

JAMIE LAMANNA,

                    Respondent.
----------------------------------X
APPEARANCES
For Petitioner:      Barry Yorke, pro se
                     14-A-2616
                     Green Haven Correctional Facility
                     P.O. Box 4000
                     Stormville, New York 12582

For Respondent:      No appearance.
```

SEYBERT, District Judge:

On March 13, 2019, incarcerated pro se petitioner Barry Yorke ("Petitioner") filed a Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee to commence this action. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial review of this Petition and, for the reasons set forth below, determined that the Petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the COURT DIRECTS PETITIONER TO SHOW CAUSE WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER WHY THE PETITION SHOULD NOT BE DISMISSED AS

TIME-BARRED.[1]

BACKGROUND

On April 1, 2014, Petitioner was convicted of four counts of Criminal Sale of a Firearm in the Third Degree by jury verdict entered in County Court, Suffolk County and was sentenced to twelve years imprisonment. (See Pet., D.E. 1, ¶¶ 2-5.) On December 21, 2016, the Appellate Division, Second Department, affirmed the judgment of conviction. People v. Yorke, 145 A.D.3d 920, 42 N.Y.S.3d 839 (2d Dep't 2016). On May 15, 2017, the New York Court of Appeals denied leave to appeal. People v. Yorke, 29 N.Y.3d 1038, 847 N.E.3d 979, 62 N.Y.S.3d 307 (2017). Petitioner did not file a writ of certiorari to the United States Supreme Court. (Pet. ¶ 9(h).)

DISCUSSION

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events

---

[1] On April 15, 2019, Petitioner filed a letter motion seeking to "hold this habeas petition in abeyance and move in the Appellate Division, Second Department with a writ of error coram nobis." (D.E. 3.) The Court denies this request without prejudice to renewal should Petitioner show that his Petition is timely.

occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A)[2], the instant Petition is untimely. Petitioner's conviction became final on August 14, 2017, upon expiration of the 90-day period for seeking a writ of certiorari. Saunders v. Senkowski, 587 F.3d 543, 548-49 (2d Cir. 2009). In order to be timely, this Petition should have been filed on or before August 14, 2018. Instead, this Petition was filed on March 13, 2019, well after the one-year limitations period had already expired.

Therefore, unless Petitioner can show that the one-year

---

[2] Petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

3

statute of limitations period should be tolled, the Petition is barred by 28 U.S.C. § 2244(d) as untimely.

I. Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). Here, Petitioner alleges that he filed a post-conviction motion in state court under N.Y. Criminal Procedure Law § 440.10 ("440 motion") which was denied on March 19, 2018 and, on June 18, 2018, the Appellate Division affirmed the trial court's decision. (Pet. ¶¶ 11-12.) The 440 motion does not start the one-year period to run anew. Evans v. Senkowski, 228 F. Supp. 2d 254, 260 (E.D.N.Y. 2002). Rather, Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year limitations period. Evans, 228 F. Supp. 2d at 260 (explaining that the AEDPA's tolling provision "stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired.") (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). Because Petitioner does not provide the date he filed the 440 motion or the date that

4

he appealed the denial of the decision, the Court cannot determine whether the 440 motion could render this Petition timely-filed under this provision.

II. Equitable Tolling

The limitations period may also be equitably tolled. Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks and citation omitted)); Harper v. Ercole, 648 F.3d 132, 136-38 (2d Cir. 2011). The Second Circuit has established a "high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011). Equitable tolling

> requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.

Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). The Petitioner is responsible for showing that such circumstances exist. Muller v. Greiner, 139 F. App'x 344, 345 (2d Cir. 2005)

5

(citing Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001)).  At present, Petitioner does not provide any facts to support equitable tolling of the limitations period.

Accordingly, THE COURT DIRECTS PETITIONER TO SHOW CAUSE BY WRITTEN AFFIRMATION, WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, WHY THE PETITION SHOULD NOT BE DISMISSED AS TIME-BARRED BY THE AEDPA'S ONE-YEAR STATUTE OF LIMITATIONS.  Day v. McDonough, 547 U.S. 198, 209, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006) ("[W]e hold that district courts are permitted, but not obliged, to consider sua sponte, the timeliness of a state prisoner's habeas petition."); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (holding that "a district court has the authority to raise the AEDPA statute of limitations on its own motion").  Petitioner must provide the date he filed the 440 motion in the state court and the date he appealed the denial of the 440 motion in the appellate court.  If applicable, Petitioner may include any facts to support equitable tolling of the limitations period.  If Petitioner fails to comply with this Order within the time allowed, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

CONCLUSION

For the reasons set forth above, the Court DIRECTS PETITIONER TO SHOW CAUSE BY WRITTEN AFFIRMATION, WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, WHY THE PETITION SHOULD NOT BE DISMISSED AS TIME-BARRED BY THE AEDPA'S ONE-YEAR STATUTE OF LIMITATIONS. Petitioner must provide the date he filed the 440 motion in the state court and the date he appealed the denial of the 440 motion in the appellate court. If applicable, Petitioner may include any facts to support equitable tolling of the limitations period. If Petitioner fails to comply with this Order within the time allowed, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). Petitioner's request to "hold this habeas petition in abeyance and move in the Appellate Division, Second Department with a writ of error coram nobis" (D.E. 3) is DENIED without prejudice to renewal should he show that his Petition is timely.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Petitioner seek leave to appeal in forma pauperis, such status is DENIED for the purposes of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Petitioner at his address of record.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July  10 , 2019
         Central Islip, New York